Saul S. Streit, J.
Plaintiff, Triangle Publications, Inc., seeks to enjoin various defendants, pendente lite, from licensing any post-1949 Warner Brothers films for television exhibition in an area known as the “ B ” coverage area.
By contract dated January 18, 1957, between plaintiff and defendant P. B. M., INC. (then bearing another name), the latter granted plaintiff an exclusive license to exhibit 754 Warner Brothers’ films, produced prior to 1949, on television in the “ B ” area. The contract recited that P. B. M., INC., under its then name, was the ‘ ‘ licensor ’ ’. It provided that the plaintiff ‘ ‘ shall have an option to receive a license, on the same terms and conditions as this license, for telecasting any post-1949 feature films which may be acquired by Licensor,” for a fee fixed in the contract.
P. B. M., INC., thereafter sold all its assets, including said contract, to United Artists Associated, Inc., which had been a substantial stockholder of P. B. M., INC. The complaint alleges that United assumed the obligations of the contract.
Subsequently, Warner Bros. Pictures, Inc., granted to Creative Telefilms & Artists, Ltd., a sole and exclusive license, for seven years, to exhibit 122 post-1949 films on television. Creative Telefilms & Artists, Ltd., has changed its name to Seven Arts Productions, Ltd. The complaint alleges that the latter assigned the television distribution rights to said films to Seven Arts Associated Corp., which, according to the complaint, acted as the “ alter ego ” of P. B. M., INC.
Plaintiff claims that said assignment was made pursuant to a conspiracy of all the defendants for the purpose 1 ‘ of evading the option granted to plaintiff ’ ’.
Whatever rights plaintiff has to a TV license for Warner post-1949 films must be predicated upon the option granted in plaintiff’s contract with P. B. M., INC., and allegedly assumed by United Artists Associated, Inc. That option related, however, only to those post-1949 Warner films “which may be acquired by Licensor”. Concededly no such films were ever acquired either by P. B. M., INC., the original licensor, or by United Artists Associated, Inc., which allegedly assumed the licensor’s obligations.
P. B. M., INC., did not agree to use its best efforts to acquire Warner post-1949 films, nor may such an obligation on its part be implied. The only theory upon which it, or United as the alleged assumer of its obligations, could be held liable to plain *947 tiff is that either P. R. M., INC., or United acquired the rights to the post-1949 films in the name of another corporation which is actually a dummy for P. R. M., INC., or United. There is, however, no satisfactory showing in the papers before the court that either Seven Arts Productions, Ltd., or Seven Arts Associated Corp. is actually a dummy for either P. R. M., INC., or for United.
Plaintiff attempts to make much of its claim that Eliot Hyman, who represented P. R. M., INC., in the signing of the contract containing the option, was a “ controlling stockholder and executive of P. R. M., INC.” at the time, and that he is a principal in Seven Arts Productions, Ltd., and in Seven Arts Associated Corp. The contract, however, did not impose any obligation whatever upon Hyman, who was not a party to it. It is undenied that the pre-1949 films which were licensed to plaintiff by said contract belonged to P. R. M., INC., and not to Hyman, personally. Even if Hyman was, as alleged, in control of P. R. M., INC., at the time of the contract, which is denied, he was legally free to acquire the TV rights to Warner’s post-1949 films for himself or for a company in which he was active or which he controlled.
The complaint is sprinkled with charges that all the defendants conspired to evade plaintiff’s option. Since (1) plaintiff’s option related only to such Warner post-1949 films as were acquired by P. R. M., INC'., or by Associated which is claimed to have assumed the option, (2) no such rights were acquired by either, and (3) there is no proof whatever that either of the Seven Arts corporations is a dummy controlled by P. R. M., INC., or by Associated, whatever the defendants did in connection with the acquisition of the TV rights to the post-1949 films was legal and cannot be made illegal by the use of the word “ conspiracy ”. The motion for injunctive relief is denied.